IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HAROLD HOLMES,

                                                                                          ORDER

                          Petitioner,

    v.

                                                                                 10-cv-477-slc[1]

STATE OF WISCONSIN,[2]

                          Respondent.

---

Harold Holmes has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and paid the $5 filing fee. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Holmes is challenging his 2009 conviction for operating under the influence (8th) on the following grounds: (1) vindictive prosecution; (2) abuse of discretion of the trial court when it let a sequestered witness take the stand; (3) ineffective assistance of trial counsel; and (4) ineffective assistance of appellate counsel for failing to raise ineffective assistance of trial counsel on appeal. Holmes admits that he has not exhausted his state court remedies on any of these four grounds he raises in this petition. Because he has state remedies available to him and time to present his claims to state court, his petition will be dismissed for failure to exhaust his state remedies.

---

[1] For the purpose of issuing this order, Judge William M. Conley is acting for the court.

[2] By its own motion, the court names the warden at the Prairie du Chien Correctional Institution as the proper respondent in this case.

FACTS[3]

On November 20, 2008, after a jury trial in Rock County, Harold Holmes was convicted of operating while intoxicated (8th offense). (Case no. 2007-CF-1368). A judgment of conviction was entered on February 4, 2009. He was sentenced to two years, six months in prison and three years extended supervision.

Holmes did not file a postconviction motion but appealed his conviction to the Wisconsin Court of Appeals (Case No. 2009-AP-002067). On appeal, he contended that the Court improperly exercised its discretion by denying a mistrial after a violation of a motion in limine. The Court affirmed his conviction on June 24, 2010, finding that the trial court had not abused its discretion. Holmes did not file a petition for review in the Wisconsin Supreme Court.

OPINION

It is well established that a prisoner seeking a writ of habeas corpus must exhaust his state remedies before seeking federal relief. *Moleterno v. Nelson*, 114 F.3d 629, 633 (7th Cir. 1997) (citing cases). Principles of comity require that the habeas petitioner present his federal constitutional claims initially to the state courts in order to give the state the "'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted)). Claims are exhausted when they have been

---

[3]The following facts are drawn from the petition and a review of the state circuit court's electronic docket sheets available at http://wscca.wicourts.gov.

presented to the highest state court for a ruling on the merits of the claims or when state remedies no longer remain available to the petitioner. *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982).

Having conceded his failure to exhaust state court remedies on the four grounds raised in the petition, the question is whether Holmes may still obtain relief on these grounds in state court having failed to do so in his direct appeal. 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented"). Wisconsin's statute governing postconviction motions, Wis. Stat. § 974.06, allows defendants to attack their convictions collaterally on constitutional grounds after the time for seeking a direct appeal or other post-conviction remedy has expired. However, a petitioner is procedurally barred from raising a claim in a post-conviction motion that he could have raised on direct appeal unless he has a "sufficient reason" for doing so. *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 185, 517 N.W.2d 157, 164 (1994); Wis. Stat. § 974.06(4).

A Wisconsin defendant who contends that he was denied his right to the effective assistance of counsel on appeal has two avenues of relief available to him, depending upon the type of error alleged. Where the defendant contends that his lawyer erred by failing to raise on direct appeal claims of trial error preserved in the appellate record without the necessity of a postconviction motion, the defendant may file a petition for a writ of habeas corpus in the state court of appeals. *State v. Knight*, 168 Wis. 2d 509, 522, 484 N.W. 2d 540, 545 (1992);. *State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 683-84, 556 N.W.

3

2d 136, 140 (Wis. Ct. App. 1996). If, however, the lawyer's alleged error was failing to preserve issues for appeal that required the filing of a postconviction motion in the trial court, the defendant must present that claim to the trial court by filing either a petition for habeas corpus or a postconviction motion under Wis. Stat. § 974.06. *Rothering*, 205 Wis. 2d at 681, 556 N.W. 2d at 139. Examples of the types of claims that fall under the *Rothering* umbrella are claims of ineffective assistance of trial counsel and motions for plea withdrawal. *Id*. at 687, 556 N.W. 2d at 137. Thus, Mr. Holmes' grounds (1), (2) and (3) -- claiming the trial court's abuse of discretion, vindictive prosecution and ineffective assistance of trial counsel -- all require the filing of a post-conviction motion in the state trial court petition if he can show "good cause" for not raising them on direct appeal. *Escalona-Naranjo*, at 185 Wis. 2d 168, 185, 517 N.W.2d 157, 164.

Because Holmes is claiming that his appellate counsel was ineffective for failing to raise a claim on appeal that his trial counsel was ineffective, he may present his claim to the trial court either by filing a postconviction motion under Wis. Stat. § 947.06 or a state petition for writ of habeas corpus. *Id*.

Petitioner is cautioned to keep in mind the statute of limitations for filing a federal habeas petition. Under 28 U.S.C. § 2244(d)(1)(A), a petitioner has one year from the date his judgment became "final" in which to file a federal habeas petition. Holmes had 30 days from June 24, 2010 to file a petition for review in the state court which he did not do. Therefore, his conviction became final on July 24, 2010 and his statute of limitations began to run on that date. Section 2244(d)(2) provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending" does not count against the one-year statute of limitations for filing a federal habeas action. This means that as soon as Holmes "properly files" a postconviction motion in the state courts (should he choose to do so), his habeas clock will stop, and it will remain stopped during the entire time that the motion is "pending." An application for postconviction relief is "properly filed" under § 2244(d)(2) if its delivery and acceptance are in compliance with the state's applicable laws and rules governing filings. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Once an application has been "properly filed," it is "pending," and it continues to be "pending" during the period between one court's decision and a timely request for further review by a higher court. *Fernandez v. Sternes*, 227 F.3d 977, 980 (7th Cir. 2000).

In other words, the period between the time Holmes might file a postconviction motion in the proper state court and the time he would receive a final decision from the Wisconsin Supreme Court (which he must do, in order to satisfy the exhaustion requirement, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999)) would not count against his federal habeas clock, so long as petitioner did not miss any deadlines for filing an appeal or petition for review. *See Fernandez*, 227 F.3d at 979-80.

Because Holmes has not exhausted his state court remedies and has time remaining to do so, his petition for a writ of habeas corpus will be dismissed without prejudice. In order to prevent being barred by the one-year statute of limitations for filing a subsequent federal habeas petition from a state court's denial of postconviction relief, defendant is encouraged to seek state relief as soon as possible

ORDER

IT IS ORDERED that petitioner Harold Holmes's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED without prejudice for failing to exhaust his state court remedies.

Entered this 1st day of September, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge